### ANONYMOUS.

A discharge granted to an insolvent debtor, applying in conjunction with two-thirds of his creditors, operates to release him from a debt contracted after his petition is presented, and before an assignment is ordered.

A DEFENDANT in execution on a *ca. sa.* for costs, upon a judgment recovered against him after he had presented his petition for a discharge as an insolvent debtor, and before an assignment had been ordered, applied, on motion before the circuit judge at his special term, for his discharge from the arrest, on the ground that he had duly obtained his discharge in the insolvent proceedings.

*Circuit Judge:* I am of opinion that this debt is discharged. Such I understand to be the plain meaning of the Revised Statutes. The insolvent law of 1813 was otherwise. That statute (1 R. S. 460), and the construction put upon it in *McNeilly* v. *Richardson* (4 Cowen, 610), limits the effect of the discharge to debts owing at the time of presenting the petition. That was owing to the language of that statute, the eighth section enacting that the petitioner shall be discharged from " such debts," that is, debts owing at the time of making the application.

The Revised Statutes do not, however, use that language.

On the other hand (1 R. S. [2d ed.], 781) section thirty says that the discharge is from all debts due at the *time of making his assignment*, or contracted for *before* that time, though payable afterward, etc.

The time of making the assignment seems to be the period designated for the discharge to begin to operate.

The thirty-second section, referring to indorsements, exempts him from any liability incurred by making or indorsing any promissory note or bill of exchange previous to the execution of his assignment.

And the thirty-third section, declaring the effect of the discharge as to imprisonment, exonerates the party in any suit or proceeding founded upon any debt contracted previous to the execution of the assignment.

This question must be decided upon the language of the Revised Statutes, and therefore the cases to which I am referred in 5 J. R. 135, 14 J. R. 403, and 4 Cowen, 611, are of no avail, because they relate to former laws not now in force, and which differ from that now prevailing. And our Supreme Court, in *Thompson* v. *Hewitt* (6 Hill, 255) have given the Revised Statutes the same construction which I have.

The motion must therefore be granted.